**LAW OFFICE OF EDUARDO J. CELAYA, PLLC**
Eduardo J. Celaya #014747
Biltmore Office Plaza
2942 N. 24TH Street, Suite 114
Phoenix, Arizona 85016
Phone (602) 281-4547
Fax (866) 810-6455
celayalaw@gmail.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Todd A. Ford,<br><br>    Plaintiff,<br><br>v.<br><br>United Recovery Systems, LP,<br><br><br><br>    Defendants. | **COMPLAINT**<br><br>**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**<br><br>JURY TRIAL DEMANDED |

### JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.      This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

3.      Venue is proper in this District because the acts and transactions occurred here,

Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. At all times herein mentioned Plaintiff Todd A. Ford is and was an individual residing in the County of Maricopa, State of Arizona.

5. At all times herein mentioned Defendant United Recovery Systems, LP is and was a business entity form unknown, engaged in business in the County of Maricopa, State of Arizona.

6. Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned each of the Defendants was the agent, servant, and/or employee of their co-Defendants, and in doing the things hereinafter mentioned, were acting in the scope of their authority as such agents, servants and employees with the permission and consent of their co-Defendants.

7. This action is brought for penalties and damages due to violations of the Fair Debt Collection Practices Act.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 7 above as though fully set forth herein.

9. A principle part of Defendant United Recovery Systems, LP's business is the collection of consumer debts using the mail and telephone. Defendant regularly and in

the ordinary course of business attempts to collect consumer debts alleged to be due another.

10. Sometime during or prior to 2010, Plaintiff allegedly created account ending 1000 with American Express and therefore incurred a financial obligation primarily for personal, family or household purposes. This obligation allegedly went into default for late payment. American Express retained Defendant United Recovery Systems, LP to collect alleged money due on account ending 1000 from Plaintiff on their behalf creating an agency relationship.

11. On or about February 24, 2010, Plaintiff, in an effort to resolve this debt, retained the services of The Law Offices of Barker & Associates, P.C., a law firm that provides assistance to consumers struggling with consumer-related debt issues.

12. On or about July 8, 2010, The Law Offices of Barker & Associates, P.C. sent a letter of representation to Defendant United Recovery Systems, LP. This letter notified Defendant that Plaintiff was represented by counsel and instructed Defendant to cease communication with Plaintiff from that point forward.

13. Commencing on or about July 2010 representatives employed by Defendant called Plaintiff by telephone for the purposes of collecting the alleged debt and communicated with Plaintiff. The communications were either in the form of contacting Plaintiff by telephone or by leaving telephonic messages on Plaintiff's telephone.

**TRIAL BY JURY**

14. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all

issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSE OF ACTION

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 .S.C. § 1692 et seq.**

15.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.     Defendants are "debt collectors" as defined by 15 U.S.C. 1692a(6).

17.     Plaintiff is a "consumer" as defined by 15 U.S.C. section 1692c(d) and 15 U.S.C. 1692a(3).

18.     Defendants' actions violated the Federal Fair Debt Collection Practices Act. Defendants' violations include, but are not limited to, the following:

(a) Initiating communication with Plaintiff when Defendants knew or had reason to know that Plaintiff was represented by an attorney and the attorney's name and contact information are known or can be readily ascertained.  15 U.S.C. section 1692c(a)(2).

(b) Calling Plaintiff's telephone repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff.  15 U.S.C. section 1692d(5).

(c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with collecting the alleged debt by calling Plaintiff by telephone three (3) times a day everyday from about February 16, 2010 to about May 19, 2010.  15 U.S.C. section 1692d.

19.    As a proximate result of the above mentioned violations, Plaintiff has suffered, as herein alleged, actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

20.    As a result of Defendants' violations of the Federal Fair Debt Collection Practices Act, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. 1692k(a)(1), statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(a)(2)(A), and reasonable attorneys fees and costs pursuant to 15 U.S.C. 1692k(a)(3), from each and every Defendant herein.

21.    The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA and Arizona law including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

22.    As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant.
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiff;
- for such other and further relief as may be just and proper.

Respectfully submitted this 20th day of May 2011.

**LAW OFFICE OF EDUARDO J. CELAYA, PLLC**

s/*Eduardo J. Celaya*
Eduardo J. Celaya, Esq.
Biltmore Office Plaza
2942 N. 24TH Street, Suite 114
Phoenix, Arizona 85016
Attorney for Plaintiff